IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                      Criminal No. 5:01-00004-02

**FREDDIE DEAN GRAY, Jr.**

### ORDER

Defendant is charged with violating the terms of his supervised release by (1) possessing and using controlled substances as evidenced by diluted urine specimens on November 3 and 18, December 8 and 22, 2008, and January 9 and 27, 2009; (2) failing to report as his supervising United States Probation Officer Amy Berry-Richmond directed in October, November, and December, 2008, and January, 2009, and failing to return her call on December 17, 2008; (3) failing to obtain employment since his release from the LEARN Program on October 2, 2008; and (4) failing to complete the eighteen-week LEARN aftercare program as ordered by the Court. (Document No. 673.) On March 12, 2009, Defendant filed a Motion for Disclosure of Evidence Against Defendant and for Production of Exculpatory Evidence. (Document No. 685.) By his Motion, Defendant requested the disclosure of the following:

1. A copy of, or the opportunity to inspect and copy, the complete file of the probation officer regarding the supervision of the defendant. The defendant represents that the entire file should be disclosed because it contains material evidence that supports the defendant's position that supervised release should not be revoked. See Brady v. Maryland, 373 U.S. 83 (1963)(due process required disclosure of all favorable evidence relevant to sentencing.)
2. All evidence in possession of the Government or its agents against the defendant. Rule 32(a)(2)(B).
3. Copies of all written or recorded statements and the substance of all oral statements made to the attorney for the government or a person known to the defendant to be a government agent or law enforcement officer which the government intends to introduce at the revocation proceeding or which are of any relevance to the revocation petition.

On March 13, 2009, the District Court referred the Motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Document No. 686.) On March 17, 2009, United States Probation Officer Amy Berry Richmond submitted a Memorandum to the Court with copies to counsel stating as follows:

> Freddie Dean Gray's case file was reviewed in accordance with the Court's Memorandum Opinion and Order in United States v. Dixon, 2:99-0050 (S.D.W.Va. 2002)(Haden, C.J.).
> All materials relevant to the alleged violations have previously been disclosed to counsel. No further materials satisfying the prerequisites in the Court Order of February 22, 2002, were located in the case file relevant to the alleged violations.

In a telephone conversation with the undersigned's Law Clerk, Mary Beth Niday, on April 1, 2009, Defendant's counsel requested the following additional information:

1. Supervision plans.
2. Formal correspondence regarding a certain call.
3. Notes from a meeting on December 8, 2008.
4. Records of home visits between July 23, 2008, and February 12, 2009.
5. Records of employment assistance offered by the Office of Probation.
6. Records of any urine analyses between September 6, 2008 and October 31, 2008.
7. Monthly reports which Defendant submitted.
8. Any waiver form signed by the Federal Public Defender's Office in the Office of Probation's possession regarding modification of the terms of Defendant's supervision.

On Tuesday, April 7, 2009, the undersigned held a hearing upon Defendant's Motion for Disclosure of Evidence Against Defendant and for Production of Exculpatory Evidence with the United States represented by Assistant United States attorney Monica Schwartz and the Defendant present and represented by Assistant Federal Public Defender Lex Coleman. At the hearing, Defendant's counsel emphasized that United States Probation Officer Richmond is the primary witness with respect to three of the Defendant's alleged violations of the terms of his supervised release. Defendant's counsel essentially argued that Defendant is entitled to examine the Probation

Office's file for impeachment evidence. Additionally, Defendant's counsel submitted copies of documents indicating inconsistent reports respecting the results of Defendant's drug tests while he was at Pine Haven and participating in the 12-week LEARN program as follows:

> By letter dated August 19, 2008, Mr. Leland Swafford, Case Manager at Pine Haven, stated that "Freddie Gray entered Pine Haven Homeless Shelter on 5/05/08 to attend the Learn Program. He has completed all his meetings and classes required by Learn. As well as getting the community service as required by us here at the shelter. He has been given random drug screens here and also by the Learn Program and has passed every one. As of 9-22-08 client will have completed the Learn Program with his 12 week certificate of completion."
>
> By Progress Report dated September 19, 2008, Mr. Rick Titcomb, Clinical Director at Pine Haven, stated that Mr. Gray is successfully participating in his treatment program. He has passed all his drug screens, attended all his group meetings, attended all AA/NA support group meetings and has completed all his chores, He is set to graduate the program on Monday 9/22/08."
>
> By Status Summary dated September 23, 2008, Mr. Brad Ball, a Counselor at FMRS Health Systems, Inc., stated that "Freddie successfully completed the 12-week program on 9/22/08. Participation was appropriate and input reflected a developing insight into the recovery process. Breathalyzer tests and random urine screens have conformed to program policy, indicating that he has maintained abstinence from drugs and alcohol. I currently believe that his progress is good."
>
> In March 18, 2009, Probation Officer Richmond sent an e-mail to AUSA Schwartz stating that "On September 3, 2008, I received a telephone call from Rick Titcomb, Director of Pine Haven, who reported he had given Freddie a drug test. The test cup was positive for THC. This cup was not sent to the lab, so I have a verbal confirmation only. Due to Freddie living at Pine Haven while in the program, he was randomly tested there as well as in the Learn Program. On September 5, 2008, I drove to Pine Haven and gave Freddie a test cup. This one was sent to out lab and returned Negative dilute."
>
> By letter dated April 6, 2009, Mr. Brad Ball informed Probation Officer Richmond that "Freddie successfully completed the required elements of the 12-week program on 9/22/08. Participation was positive during treatment and input reflected a developing insight into the recovery process. Breathalyzer tests and random urine screens conformed to program policy, indicating that he maintained abstinence from illicit drugs and alcohol."

Understanding that Mr. Titcomb had apparently provided inconsistent reports respecting the results of Defendant's drug testing (On September 3, 2008, Mr. Titcomb reported to Probation Officer Richmond by telephone that Defendant had tested positive for THC and by his September 19, 2008, he reported that Defendant "has passed all his drug screens"), the undersigned was immediately concerned that the evidence underlying the Defendant's alleged violations of the terms of his supervised release was shaky and thought that release on bond should be reconsidered. The undersigned's concern was alleviated, however, upon an examination of the Report on Offender Under Supervision/Petition to Revoke Defendant's Supervised Release (Document No. 673.) and the transcript of the March 5, 2008, preliminary/bond hearing (Document No. 688.). The circumstances which occurred in September, 2008, are not material to the allegations currently before the Court. Rather, Defendant is alleged to have possessed and used controlled substances in violation of the terms of his supervised release as evidenced by negative dilute test results in November and December, 2008, and January, 2009.

Considering a Motion for Disclosure of evidence and Production of Exculpatory Evidence in probation revocation proceedings in United States v. Dixon, 187 F.Supp.2d 601 (S.D.W.Va. 2002), District Judge Haden stated as follows respecting Mr. Dixon's request for disclosure of evidence against him:

> It appears axiomatic defendants facing revocation shall have access to all evidence in the probation office's file that will be offered *against* them. Typically, the probation officer, as a matter of course, discloses all evidence supporting revocation to both sides and the Court well in advance of the revocation hearing. Furthermore, were the Government to uncover any additional evidence against a defendant, its obligation under *Rule* 32.1(a)(2)(B) would come into play. Defendants will then, as a practical matter, receive all evidence 'against' them from the combined disclosures of the probation office and the Government. An additional file review would be superfluous.

<u>Dixon</u>, 187 F.Supp.2d at 603. Respecting Mr. Dixon's request for disclosure of evidence favorable to him, District Judge Haden established a procedure as follows "[c]onsidering . . . the defendant's interest in favorable information or material in mitigation of revocation or sentencing along with the practical considerations and flexible nature of the revocation proceeding . . ..":

1. Defendant must make a timely request by written motion for favorable evidence well in advance of the hearing;
2. Once a motion is timely filed, the probation officer will review the file and extract from it any material satisfying the following prerequisites:
   a. Material information that is either directly exculpatory or of value in impeaching a witness who will testify at the revocation hearing; and
   b. Information is material only if it reasonably could be expected to result in non-revocation or a lower sentence, if revocation occurs.
3. Once extracted from the file, the probation officer should submit the information to the Court for final review and possible disclosure to counsel for both parties.

<u>Dixon</u>, 187 F.Supp.2d at 604 - 605.

Following the April 7, 2009, hearing, the undersigned met with Probation Officer Richmond and examined the Probation Office's file respecting Defendant and a chronological summary of the file for "[m]aterial information that is either directly exculpatory or of value in impeaching a witness who will testify at the revocation hearing" pursuant to <u>Dixon</u>. The file contains a great deal of information which is not germane to the matters currently before the District Court. Additionally, the file contains information which is confidential or sensitive. This information is also not material to the proceedings before the District Court. Its disclosure in conjunction with the opening of the entire file of the Office of Probation to the Defendant as Defendant requests would needlessly reveal information which the Probation Office has obtained through inquiry and investigation impacting the Probation Office's supervision of Defendant. The Probation Office has disclosed all information contained in its file as required under <u>Dixon</u>. The undersigned has found nothing in the Office of

Probation's file which is exculpatory or mitigating in favor of Defendant or has impeachment value which has not already been disclosed. It is therefore hereby **ORDERED** that Defendant's Motion for Disclosure of Evidence Against Defendant and for Production of Exculpatory Evidence (Document No. 685.) is **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record and to the Probation Office of this Court.

ENTER: April 8, 2009.

R. Clarke VanDervort
United States Magistrate Judge